IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rosalee M. Wise, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00355 |
| v. | : | Judge Marbley |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |
| | : | |

# ORDER

By an Order of August 4, 2010, the Court remanded this case to the Commissioner for further proceedings. This matter is now before the Court on plaintiff's November 2, 2010 motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 17.)

Under the EAJA, 28 U.S.C. §2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

When an award is also made under 42 U.S.C. §406(b)(1), an EAJA award reimburses the plaintiff for the fees he paid his attorney under §406(b)(1). *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially

justified. *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985).

The Commissioner bears the burden of demonstrating that her position was substantially justified, *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985):

> Whether or not the government's position is substantially justified is basically a question of reasonableness. *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119, 1200 (6th Cir. 1982). "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleading; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef,* 762 F.2d at 1487.

Here the Commissioner does not argue that his litigation position was substantially justified; and the Court finds that the Commissioner's position was not substantially justified. The Commissioner does make two arguments. First, the award of attorney fees under the EAJA must be made to the plaintiff. *Bryant v. Commissioner of Social Security,* 578 F.3d 443, 447 (6th Cir. 2009). Second, plaintiff has failed to meet her burden of demonstrating that she is entitled to a fee based on an hourly rate in excess of $125 an hour. *Bryant,* 578 F.3d at 450.

<u>Who is entitled to the award of attorney fees</u>? As the Sixth Circuit held in *Bryant,* the EAJA awards attorney fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). That is Ms. Wise, not her lawyer. *Bryant,* 578 F.3d at 447-48.

Plaintiff's counsel attached an April 10, 2010 assignment by Ms. Wise to him of any entitlement she might have a fees under the EAJA. The assignment asks that any award under the EAJA be made payable to her attorney, and not to her. November 2, 2010, Motion for Attorney Fees, Doc. 17-1 at p. 4.

While the assignment may be valid, this Court is bound by the EAJA. It requires that the award of attorney fees be to the plaintiff. *Bryant,* 578 F.3d at 447-48; *Isbel b. Commissioner of Social Security,* 2009 WL 3853195 (S.D. Ohio November 16, 2009) at *3.

<u>Hourly rate</u>. The EAJA provides that the amount of attorney fees awarded

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff's burden to demonstrate that she is entitled to an hourly rate of more than 125 was discussed in *Bryant*:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfact-ory evidence-in addition to the attorney's own affidavits-that the reques-ted rates are in line with those prevailing in the community for similar services by lawyers of

-3-

>reasonably comparable skill, experience, and repu-tation." *Id.* at 895 n. 11, 104 S.Ct. 1541.

578 F.3d at 450. Merely submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation supports an increased hourly rate is insufficient to meet that burden. *Id.* Here plaintiff offered no evidence about the prevailing market rates in central Ohio for Social Security appeals work, and he affirmatively states that his rate is $125 an hour.[1]

Plaintiff's counsel did no more to support the application for an award based on an hourly rate greater than $125 than the lawyers in *Bryant.* In fact, Mr. Cole's affidavit states that he does not have an hourly rate and that if he did "based on my training and experience, I would have an hourly rate of $125.00." November 2, 2010 Affidavit of Eric R. Cole, ¶ 5, Doc. 17-1 at p. 3. Consequently, the Court finds that plaintiff has not demonstrated that she is entitled to attorney fees based on an hourly rate greater than $125.

Mr. Cole itemized 20.5 hours of legal services. At the statutory rate of $125 an hour, plaintiff Wise is entitle to recover attorney fees of $2,562.50 plus costs of $350. Therefore, she is entitled to an award under the EAJA of $2,912.50.

Accordingly, the Court HOLDS that plaintiff's motion for fees under the EAJA (doc. 17) is meritorious; and, therefore, it is GRANTED. Plaintiff Rosalee M. Wise is AWARDED

---

[1]Cole's affidavit states that when ". . . I win a contingent fee case, I expect to receive more than my regular hourly rate in order to compensate me for the risk of non-recovery . . . ." *Id.* That is not a statutory factor. The statute does not award a contingency fee, but a fee based on the hourly rate in the community for comparable work.

attorney fees in the amount of Two Thousand Nine Hundred Twelve Dollars and Fifty Cents ($2,912.50).

                                         s/Algenon L. Marbley
                                         Algenon L. Marbley, Judge
                                         United States District Court